UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CEDRIC WAYNE BAGBY,

        Plaintiff,

    v.

CLERK,

        Defendant.

No. C 14-2402 EDL (PR)

**ORDER TO SHOW CAUSE**

Plaintiff, a state prisoner currently incarcerated in Amarillo, Texas, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the court directs plaintiff to show cause why his motion for leave to proceed IFP should not be denied and this case dismissed.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word

"malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions in this Court reveals that plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Bagby v. President of Bank of America*, No. 13-0225 (D.C. Feb. 22, 2013) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Bagby v. Thaler*, No. 2:13-CV-0012 (N.D. Tex. Feb. 13, 2013) (same); and (3) *Bagby v. Thaler*, No. 12-2001 (D.C. Dec. 14, 2012) (civil rights complaint dismissed as frivolous). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). He is

not. Plaintiff's allegations, which seem to concern action by court officials, present no facts relevant to his conditions of incarceration and do not establish that physical injury is imminent.

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff is so inclined, he may avoid dismissal by paying the $400.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by plaintiff while he is incarcerated in which he seeks in forma pauperis status.

Failure to file a timely response or failure to pay the filing fee in full will result in the dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

Dated: August 27, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.14\Bagby2402.osc1915.wpd